UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| SERA STANCIL RICE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No.: 3:23-cv-1334-LCB ) |
| ARISTOCRAT LEISURE, LTD. *et al.*, | ) ) ) ) |
|     Defendants. | |

## MEMORANDUM OPINION & ORDER

Sera Stancil Rice sued Aristocrat Leisure Ltd., and two related business entities, Aristocrat Technologies, Inc., and Product Madness, Inc. ("Aristocrat") in the Circuit Court of Colbert County, Alabama. After Aristocrat removed the case to this Court, Rice filed a motion to remand. (Doc. 8). Having considered all the filings as well as the argument of counsel at a hearing on the matter, the Court finds that the case is due to be remanded.

### I. Background

This case and four others currently pending before this Court raise the same allegations against various defendants.[1] Each case is nearly identical to a set of nine

---

[1] In addition to the present case, the other four cases are *Seal v. VGW LTD, et al.* 3:23-cv-1295-LCB; *Mills v. Playtika, Ltd., et al.*, 3:23-cv-1289-LCB; *Pilati v. Playstudios US LLC*, 3:23-cv-1335-LCB; and *Pilati v. Yellow Social Interactive Ltd*. 3:23-cv-1349-LCB.

cases filed in early 2023. Five of those cases were assigned to the undersigned, s*ee Gann v. Huuuge, Inc.,* No. 3:23-cv-00498-LCB, 2023 WL 5202376 (N.D. Ala. Aug. 14, 2023); *McGee v. SpinX Games, Ltd.,* No. 3:23-cv-00777-LCB, 2023 WL 5202377 (N.D. Ala. Aug. 14, 2023); *Mills v. Zynga, Inc*., No. 3:23-cv-00463-LCB, 2023 WL 5198511 (N.D. Ala. Aug. 11, 2023); *Pilati v. Yellow Soc. Interactive, Ltd.*, 686 F. Supp. 3d 1248, 1249–50 (N.D. Ala. 2023); *Rice v. Aristocrat Leisure, Ltd.*, No. 3:23-cv-00480-LCB, 2023 WL 5198510 (N.D. Ala. Aug. 11, 2023), and four were assigned to Judge Lynwood C. Smith. *See Sornberger v. Sciplay Corp*., 3:23-cv-00476-CLS (N.D. Ala.); *Seal v. VGW Ltd*., 3:23-cv-00462-CLS (N.D. Ala.); *Pilati v. Playstudios US LLC*, 3:23-cv-00488-CLS (N.D. Ala.); and *Mills v. Playtika Ltd*., 3:23-cv-00464-CLS (N.D. Ala.). The Court will refer to these collectively as the "Original Cases."

As they did in the Original Cases, the individual plaintiffs have sued various defendants, all providers of online casino-themed games[2], under Ala. Code § 8-1-150(b) (1975). That statute allows, among other things, "any person" to file a lawsuit to recover money lost on illegal gambling wagers "for the use of" the losing player's wife, children, or next of kin. Four plaintiffs, Gayla Mills, Amy Nicole Seal, Angel Deann Pilati, and Sera Stancil Rice have sued several defendants in two state courts

---

[2] While not relevant for purposes of the motions to remand, the parties dispute whether the games offered by the defendants qualify as illegal gambling under Alabama law.

under this statute to recover money allegedly lost by all Alabama residents who have played the defendants' games for the use of those players' wives, children, or next of kin. The defendants in each case removed the action to this Court asserting jurisdiction under various provisions of 28 U.S.C. § 1332. The plaintiffs have all filed motions to remand.

After the Original Cases were removed to this Court, the undersigned remanded to state court each of the cases assigned to him while the plaintiffs in the cases assigned to Judge Smith voluntarily dismissed their complaints a few days later. The procedural events following the remands and voluntary dismissals are a bit different for each case but fall into two categories relevant here. The plaintiffs in the voluntarily dismissed cases assigned to Judge Smith, i.e., *Seal v. VGW Ltd.*, 3:23-cv-00462-CLS (N.D. Ala.); *Pilati v. Playstudios US LLC*, 3:23-cv-00488-CLS (N.D. Ala.); *Mills v. Playtika Ltd.*, 3:23-cv-00464-CLS (N.D. Ala.), refiled new cases in state court in August of 2023. The plaintiffs in the remanded cases filed amended complaints.

Rice was one of the plaintiffs who filed an amended complaint after this Court granted her motion to remand when deciding the Original Cases. The only relevant difference is that in her amended complaint, she specifically excluded from recovery any Alabamian who lost more than $75,000. Accordingly, the factual allegations

3

and legal theories are essentially the same. As discussed in one of the Original Cases[3], *Pilati v. Yellow Soc. Interactive, Ltd*:

> Gambling has long been illegal in the state of Alabama. "A person engages in gambling if he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he or someone else will receive something of value in the event of a certain outcome." Ala. Code § 13A-12-20(4) (1975). In 1852, the Alabama legislature codified a civil cause of action to recover money paid and lost in gambling endeavors. *Id*. § 8-1-150. The statute reads, in relevant part, as follows:
>
>> (a) All contracts founded in whole or in part on a gambling consideration are void. A person who has paid money or delivered anything of value lost upon any game or wager may recover such money thing, or its value by an action commenced within six months from the time of such payment or delivery.
>>
>> (b) Any person may also recover the amount of such money, thing, or its value by an action commenced within 12 months after the payment or delivery thereof for the use of the wife or, if no wife, the children or, if no children, the next of kin of the loser.
>
> *Id*. § 8-1-150(a)–(b).
>
> Yellow Social, a Gibraltar corporation with its principal place of business in Gibraltar, is in the computer game industry. Specifically, the company develops and markets games that can be played online or via cellphone applications. Several of Yellow Social's products are games of chance, such as those involving virtual slot machines and/or casino themes. In those games, a player initially receives free virtual coins to spend in order to play the game. For example, for Yellow Social's slot-machine games, a player uses coins to "spin" the reel. If the player loses the spin, the coins he wagered are lost. If the player

---

[3] The Memorandum Opinions issued in each of the Original Cases were substantially similar.

> wins, he receives more coins. If the player runs out of coins entirely, then he can either stop playing the game or purchase additional coins. In other words, he can buy more playing time.
>
> Many Alabama citizens play Yellow Social's games of chance and have purchased additional playing time. On March 8, 2023, Angel Pilati, an Alabama citizen, filed this action against Yellow Social in the Circuit Court of Franklin County, Alabama, pursuant to Alabama Code § 8-1-150(b), seeking to recover the money lost by Alabama citizens on Yellow Social's games of chance between March 2022 and March 2023. Shortly thereafter, Yellow Social removed the action to this Court, pursuant to 28 U.S.C. §§ 1441, 1446. (Doc. 1 at 1.) Yellow Social relied on 28 U.S.C. § 1332 as the grounds for removal, claiming that this Court has subject matter jurisdiction under the statute's diversity of citizenship provision.

*Pilati v. Yellow Soc. Interactive, Ltd.*, 686 F. Supp. 3d 1248, 1250 (N.D. Ala. 2023) (internal citations omitted).

In the present case, Aristocrat has again argued that this Court has traditional diversity jurisdiction under 28 U.S.C. § 1332. However, Aristocrat has also argued that this Court has jurisdiction over the case pursuant to the Class Action Fairness Act ("CAFA"), specifically 28 U.S.C. §§ 1332(d)(2) and 1453(b). In responding to the motions to remand in each of the cases now pending, the defendants filed a consolidated response stating:

> Because of the strong similarities between this action and four other actions pending before the Court, the overlap between Plaintiffs' arguments in each case, and the shared bases on which this Court has jurisdiction over these matters, Defendants in all five actions are all filing the same opposition brief to promote efficient resolution of these issues.

(Doc. 18). The Court agrees that the cases all share nearly identical legal issues.

However, there is a relevant difference between the cases that were dismissed and refiled and the remanded cases in which the plaintiffs filed amended complaints. Rice's case falls into the latter category. In addition to arguing that the case is due to be remanded because the Court lacks diversity jurisdiction—under CAFA or otherwise—Rice also argues that remand is appropriate for an additional reason. According to Rice, the present motion to remand is essentially a motion to reconsider the prior remand order. Because 28 U.S.C. § 1447(d) prohibits reconsideration of a prior remand order, the case is due to be remanded on that basis.

## II. Motion to Remand

As noted above, Rice is among the plaintiffs who filed an amended complaint after her original case was remanded. Thus, in addition to arguing that her case is not removable for jurisdictional reasons, she claims that the present notice of removal is nothing more than an impermissible request that the Court reconsider its prior remand order in violation of 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Aristocrat counters that removal is proper because, it says, the amended complaint constitutes a new pleading "from which it may be first ascertained that the case is one which … has become removable." 28 U.S.C § 1446(b)(3).

The defendants acknowledge that § 1447(d) prohibits a district court from reconsidering a ruling on a motion to remand. However, they contend that by amending her complaint to exclude recovery by any Alabamian who lost more than $75,000, Rice has altered the jurisdictional facts rendering the case removable, i.e., her amendment is a now a new pleading from which it "may first be ascertained that the case is removable."

In support of that argument, the defendants urge the Court to rely on its "judicial experience and common sense" when evaluating the amount in controversy. *See Merriweather v. Digsby*, 2021 WL 2935936, at *2 (N.D. Ala. July 13, 2021) ("A court 'need not suspend reality or shelve common sense' when evaluating the amount in controversy." (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010))); *Roe*, 613 F.3d at 1062 ("[C]ourts may use their judicial experience and common sense in determining whether the case . . . meets federal jurisdictional requirements."). They point out that by excluding from her complaint any player who lost more than $75,000, Rice is excluding from potential relief that portion of the public who was the most injured. According to the defendants, this is contrary to Rice's assertion that she seeks to enforce a public interest. They also opine about how Rice's attorneys are to be compensated and argue that, since Rice is the only client, any attorneys' fees can come only from her. Therefore, the reasoning goes, any amount that is paid to counsel is necessarily part

7

of Rice's award and counts toward the amount in controversy. Since Rice is seeking recovery of money lost by all players in Alabama, an amount that is indisputably greater than $75,000, the amount in controversy would be satisfied.

However, the Court is not persuaded that the exclusion of the poor souls who lost more than $75,000 alters the jurisdictional facts. The defendants cite no caselaw in support of their argument and simply state, *ipse dixit*, that "the new exclusion of the very families Plaintiffs portray as most harmed in these cases belies the idea that these cases are brought as a 'public service' where Plaintiffs and counsel seek no benefit or compensation. This directly affects the 'jurisdictional fact' question whether a non-aggregated award to Plaintiff is sought." (Doc. 18 at 25). The Court does not see how the exclusion of the players who lost more than $75,000 changes the calculus. The defendants have cited no authority for the proposition that a plaintiff's altruistic motives—or lack thereof—in filing a complaint have any bearing on the Court's jurisdiction or whether individual claims can be aggregated. Accordingly, the Court finds that the core jurisdictional facts have not changed, and the case is due to be remanded to state court pursuant to 28 U.S.C. § 1447(d).

Moreover, even if Aristocrat had properly removed the case, the motion to remand would be due to be granted for the reasons stated in the memorandum opinion issued contemporaneously in *Mills v. Playtika, Ltd., et al.*, 3:23-cv-1289-LCB.

Additionally, the Court notes that Aristocrat filed a motion for leave to file a sur-reply brief. (Doc. 20). The Court has reviewed the proposed filing and grants the motion. However, the arguments in the sur-reply do not change the outcome. Because the Court is remanding the case based on 28 U.S.C. § 1447(d), the sur-reply's contentions regarding the amount in controversy for Aristocrat's CAFA argument and their traditional diversity jurisdiction argument are not relevant.

### III. Conclusion

For the foregoing reasons, Rice's motion to remand (Doc. 8) is **GRANTED**, and this case is hereby remanded to the Circuit Court of Colbert County, Alabama.

**DONE** and **ORDERED** January 7, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE